UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Brian K. Blackden, and
Belsito Communications, Inc.
d/b/a 1st Responder Newspaper,
    Plaintiffs

   v.                                  Case No. 10-cv-450-SM
                                      Opinion No. 2011 DNH 109

New Hampshire State Police,
State of New Hampshire,
The Colonel of the
New Hampshire State Police,
in his official capacity,
and James Decker,
    Defendants


**O R D E R**

     Plaintiffs, Brian Blackden and Belsito Communications (doing business as 1st Responder Newspaper), bring suit under 42 U.S.C. § 1983 alleging violations of their First, Fourth, and Fourteenth Amendment rights.  Defendants are Robert Quinn, Director of the Division of State Police, New Hampshire Department of Safety, and New Hampshire State Trooper James Decker.  The defendants' motions to dismiss, doc. nos. 17 and 18, are pending before the court.

     As alleged in the first amended complaint, doc. no. 16, Blackden is a freelance reporter and photographer for various news agencies, including plaintiff Belsito Communications.  On August 25, 2010, Blackden heard a radio transmission calling the

Penacook Rescue Squad to the scene of a serious traffic accident. Blackden went to the scene and donned a protective coat and a helmet marked "Photographer."  After taking photographs of the accident and rescue efforts, Blackden was approached by state trooper James Decker, who asked Blackden to identify himself and to produce some form of identification.  Blackden complied with Decker's request.  Shortly after questioning him, Decker seized Blackden's camera, which contained a digital photo card containing the photographic files Blackden had taken at the scene.

Public records, which this court has judicially noticed, disclose the events that followed seizure of Blackden's camera. On August 26, 2010, warrants were issued authorizing a search of Blackden's camera and digital card, and seizure of image files on the card.  On November 19, 2010, a warrant was issued for Blackden's arrest.  Blackden was charged with obstructing government administration, impersonating medical/rescue personnel, and unauthorized use of red lights, all in violation of state law.  The camera was returned to Blackden, but the digital card was retained pending resolution of Blackden's state court trial.  On May 12, 2011, Blackden was convicted in the state district court of impersonating medical/rescue personnel and unauthorized use of red lights.

Before his conviction, Blackden and Belsito filed this § 1983 suit against Colonel Quinn, in his official capacity, and Trooper Decker, individually. Plaintiffs allege that Decker's seizure of the camera and digital photo card was without probable cause, in violation of Blackden's Fourth Amendment right to be free from unreasonable search and seizure. Plaintiffs also allege that retention of the card deprived them of their First Amendment rights to publish the images contained on the digital card. They seek monetary relief against Decker and prospective injunctive relief against Decker and Quinn.

Quinn and Decker move, pursuant to Rule 12(b)(6), to dismiss the amended complaint. See Fed. R. Civ. P. 12(b)(6). Although defendants rely upon a number of distinct grounds, disposition turns on two fairly straightforward issues: Is the injunctive relief requested available? And, does the pendency of the state criminal proceeding against Blackden warrant staying this case?[1]

---

[1] Although the discussion is limited to these questions, it is perhaps worth noting that defendants' first argument provides no grounds for dismissal. Defendants contend that by its references to the First and Fourth Amendments, the amended complaint fails to allege the deprivation of a federally-secured right. They note, unremarkably, that those amendments only bind federal officials, not state or municipal actors. Doc. no. 17-1, pgs. 5-6, citing Bivens v. Six Unknown Named Agents, 403 U.S. 388, 392 (1971). But the amended complaint also references the Fourteenth Amendment. See Am. Cmpt. ¶ 5, doc. no. 16, pg. 2. The Due Process Clause of the Fourteenth Amendment protects citizens from First and Fourth Amendment violations by the states. See Gitlow v. New York, 268 U.S. 652, 630 (1927) (Fourteenth Amendment Due

1.  <u>Injunctive Relief</u>

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citation and internal punctuation omitted). In determining plausibility, the court should first identify and disregard conclusory allegations. <u>Ocasio-Hernandez v. Fortuno-Burset</u>, No. 09-2207, 2011 WL 1228768, at *9 (1st Cir. April 1, 2011) (quoting <u>Iqbal</u>, 129 S. Ct. at 1949). The remaining "[n]on-conclusory factual allegations . . . must then be treated as true" and assessed to determine whether they "'allow[...] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Id</u>. at **9, 11 (quoting <u>Iqbal</u>, 129 S. Ct. at 1949). If they do, the "claim has facial plausibility." <u>Id</u>.

Moreover, although the court, in resolving a motion to dismiss, is "generally limited to considering" the facts as alleged, it "may also consider . . . matters of public record."

---

Process Clause incorporates First Amendment right to free speech); <u>Wolf v. Colorado</u>, 338 U.S. 25, 27 (1949) (Fourteenth Amendment Due Process Clause incorporates Fourth Amendment right to be free from unreasonable search and seizure). The amended complaint, therefore, generally meets § 1983's requirement that the claims be based on the deprivation of a federally protected right. <u>See</u> 42 U.S.C § 1983.

4

Giragosian v. Ryan, 547 F.3d 59, 66 (1st Cir. 2008) (holding "'documents from prior state court adjudications'" properly considered in resolving 12(b)(6) motion to dismiss) (quoting Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000).

Because plaintiffs sue Quinn only in his official capacity, they correctly seek only prospective injunctive relief against him, and not monetary damages. See P.R. Aquaduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (absent waiver, neither a state nor its agencies may be subject to suit in federal court). See also Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, n. 10 (1989)("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.") (citing Ex Parte Young, 209 U.S. 123, 159-160 (1908) (quotation omitted). See also Pratt v. New Hampshire Dept. of Corrections, Case No. 05-cv-367-SM, 2006 WL 995121, at *16 (D.N.H. March 31, 2006). The injunctive relief plaintiffs seek against Quinn is the same they seek against Decker: "an order directing the defendants to return the subject digital photo card to Blackden." Am. Cmpt., doc. no. 16, pg. 8.

But the requested relief is not available against either defendant. They do not have legal control over the digital photo card. Although the amended complaint alleges "that the card is being retained by Decker and/or the New Hampshire Department of Safety," it is apparent from noticed public records that the state court has legal control over the property, pursuant to New Hampshire's seizure and disposition statute, N.H. Rev. Stat. Ann. 595-A:6. The digital photo card is being held, pursuant to a judicial warrant, as evidence in Blackden's state criminal proceedings.

Under New Hampshire's seizure and disposition statute, law enforcement officials hold the property for safe keeping, but at the direction of the state court, which is authorized and obligated to direct the disposition of seized articles. See N.H. Rev. Stat. Ann. 595-A:6 (As to seized "property or articles," the "officer . . . shall . . . safely keep them under the direction of the court or justice so long as necessary to permit them to be produced or used as evidence in any trial," and the court shall thereafter "order them returned," or "disposed of" …). See also State v. Pessetto, 160 N.H. 813, 816 (2010) (Under the seizure and disposition statute, "[t]he trial court must determine if the seized property is contraband . . . . If the item is determined to be contraband, then the trial court has discretion to order

forfeiture and dispose of the property as the public interest requires . . . .  If the item is not contraband, <u>the trial court</u> must return the property unless the State provides good cause to withhold its return.") (emphasis added).

Accordingly, because the digital photo card is under the state court's legal control, the requested injunctive relief is not available against either defendant.  See <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 67 (1997) (Plaintiff "had a viable claim at the outset of the litigation," but later "left her job . . . to take up employment in the private sector . . . .  At that point, it became plain that she lacked a still vital claim for prospective relief.").  Because, as to Quinn, plaintiffs seeks (and can only seek) injunctive relief, the absence of a plausible basis for such relief requires that all claims against him be dismissed.[2]

The unavailability of injunctive relief does not warrant dismissal of the claims against Decker, however, because plaintiffs assert a claim for monetary relief against him.

---

[2] The post-seizure relinquishment of the digital photo card to the state court's control also implicates Article III's "case and controversy" requirement as to the claims against Quinn.  See <u>Arizonans for Official English</u>, 520 U.S. at 67 ("To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (quotation omitted).

2. <u>Stay of the Claims Against Decker Pending Resolution of Blackden's State Criminal Proceedings</u>

Plaintiffs' claims against Decker turn upon the alleged absence of probable cause for the seizure of Blackden's camera and digital photo card. <u>See</u> Am. Cmpt., doc. no. 16, pgs. 6-7 ("seizure and retention of [Blackden's] property without probable cause" violates the Fourth Amendment, and, further, has "prevented [plaintiffs] from publishing and or broadcasting" the photographs in violation of their "First Amendment rights to freedom of speech and the press."). Accordingly, the alleged illegality of Decker's seizure of the camera and digital card is a principal issue in this case.

But the pending state criminal proceeding against Blackden poses a problem, though not for the reasons defendants argue, relying on <u>Decker v. Hillsborough County Attorney's Office</u>, 845 F.2d 17 (1st Cir. 1988).³ A plaintiff's § 1983 damages claim must be dismissed if "judgment in favor of the plaintiff would necessarily imply the invalidity of [a criminal] conviction or sentence" and if plaintiff cannot "demonstrate that the

---

³   Defendants rely on <u>Decker</u>, 845 F.2d 17, for the proposition that plaintiffs "improperly seek [...] federal intervention into a criminal action pending in a New Hampshire [s]tate [c]ourt." Doc. no. 17-1, pg. 7. But that case is distinguishable. Unlike the plaintiff in <u>Decker</u>, plaintiffs here are not challenging the state court proceedings, nor orders of the state court, regarding the disposition of Blackden's property.

conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994); see also Thore v. Howe, 466 F.3d 173, 179 (1st Cir. 2006). The "Heck bar" advances the interests of "finality and consistency" by limiting "opportunities for collateral attack" on criminal convictions. 512 U.S. at 485.

    The status of Blackden's conviction is somewhat unclear. He was convicted in the state's district court, but, under New Hampshire law, that conviction may become a nullity. Blackden may appeal (or may have already appealed) his Class A misdemeanor conviction "'to obtain a de novo jury trial in the superior court'", in which case, the district court conviction is deemed vacated. Favazza v. Braley, 160 N.H. 349, 353 (2010) (quoting N.H. Rev. Stat. Ann. 599:1 (Supp. 2009)). And, should he be convicted in the superior court, he may seek an appeal to the New Hampshire Supreme Court. See Albin v. Concord Dist. Court, Case No. 00-12-JD, 2000 WL 1513719, at *2 (D.N.H. Sept. 29, 2000)(describing New Hampshire's "discretionary appellate system"). It is not possible, on this record and at this time, to determine whether Heck applies to bar plaintiffs' claims against Decker. Under similar circumstances, the Supreme Court has endorsed the procedural solution of staying the civil action:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. [citations omitted] . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Wallace v. Kato, 549 U.S. 384, 393-394 (2007). See also Crooker v. Burns, 544 F.Supp. 2d 59, 65 (D. Mass. 2008) (under Wallace, staying civil cases alleging unreasonable searches "until the pending criminal indictment is resolved."). Even before the Supreme Court's decisions in Heck and Wallace, the Court of Appeals for this circuit generally endorsed staying "§ 1983 damages actions . . . pending the conclusion of . . . state criminal proceedings." Kyricopoulos v. Town of Orleans, 967 F.2d 14, 16, n.1 (1st Cir. 1992) (emphasis in original). See also Murphy v. City of Manchester, 70 F. Supp. 2d 62, 71-72 (D.N.H. 1999) (Barbadoro, J.) (staying Section 1983 money damages action for wrongful termination).

Belsito's First Amendment claims, as pled, necessarily depend upon its assertion that the seizure of Blackden's digital card was unlawful. Accordingly, both Blackden's and Belsito's claims must be stayed until that issue is resolved.

**Conclusion**

For the reasons given, defendant Quinn's motion to dismiss, doc. no. 17, is granted. Defendant Decker's motion to dismiss, doc. no. 18, is denied, without prejudice. This case is stayed pending final resolution of Blackden's state court criminal proceedings. The clerk shall administratively close the case, subject to motions by either party to bring it forward upon conclusion of the referenced criminal proceedings.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

July 8, 2011

cc: Kevin D. Bloom, Esq.
    Penny S. Dean, Esq.
    Robert N. Isseks, Esq.
    Kevin H. O'Neill, Esq.
    John C. Vinson, Esq.